**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CHRISTIAN JACKSON** **PLAINTIFF**
**ADC #161090**

**v.** **Case No. 4:25-cv-00888-KGB**

**DEXTER PAYNE,**
**Director, ADC; *et al.*** **DEFENDANTS**

**ORDER**

Before the Court are United States Magistrate Judge Joe J. Volpe's partial recommended disposition ("Partial Recommendation") (Dkt. No. 5) and recommended disposition ("Recommendation") (Dkt. No. 19). Plaintiff Christian Jackson objected to both the Partial Recommendation (Dkt. No. 6) and the Recommendation (Dkt. No. 20). Also before the Court are defendants James Beck and Lonnell Seamster, Sr.'s ("Seamster") motion for summary judgment (Dkt. No. 12), Beck and Seamster's motion for extension of time (Dkt. No. 24), Jackson's document entitled "order to show cause for a preliminary injunction + a temporary restraining" ("Motion for Injunction") (Dkt. No. 21), Jackson's motion for status update (Dkt. No. 30), Jackson's "brief in support of plaintiffs motion to compel" ("Motion to Compel") (Dkt. No. 32),[1] and Jackson's motion for appointment of counsel (Dkt. No. 42).

For the following reasons, the Court adopts the Partial Recommendation and the

[1] The Court acknowledges that, on August 3, 2026, which is the same date Jackson filed his Motion to Compel in this Court, Jackson filed a document titled "notice of appeal" in which Jackson contends that Beck and Seamster "hereby appeal to the United States Court of Appeals for the United States Court of Appeals for the Eighth Circuit (from the final Judgement on 11/14/25 by Joe J. Volpe). . . ." (Dkt. No. 31). On August 5, 2026, the Eighth Circuit remanded Jackson's appeal (Dkt. No. 35). On August 13, 2026, Jackson filed documents titled "notice of appeal + designation of record" and "appeal of dismissal" (Dkt. Nos. 37; 39). On August 18, 2026, the Eighth Circuit dismissed those appeals for lack of jurisdiction as premature (Dkt. No. 43).

Recommendation as this Court's findings in all respects (Dkt. Nos. 5; 20). The Court also grants Beck and Seamster's motion for summary judgment (Dkt. No. 12), denies as moot Beck and Seamster's motion for extension of time (Dkt. No. 24), denies Jackson's Motion for Injunction (Dkt. No. 21), grants Jackson's motion for status update (Dkt. No. 30), denies as moot Jackson's Motion to Compel (Dkt. No. 32), and denies as moot Jackson's motion for appointment of counsel to the extent Jackson seeks to have this Court appoint him counsel (Dkt. No. 42).

**I. Partial Recommendation**

On August 29, 2025, Jackson filed his complaint (Dkt. No. 2). On September 23, 2025, Jackson filed an amended complaint, which is the operative complaint in this matter (Dkt. No. 4). Jackson brings his claims pursuant to 42 U.S.C. § 1983 and alleges that defendants Dexter Payne, Wellpath, LLC, James Gibson, and the Arkansas Division of Correction (collectively "Dismissed Defendants"), along with Beck and Seamster, violated Jackson's constitutional rights (*Id.*). On September 24, 2025, Judge Volpe found that Jackson pled a plausible Eighth Amendment claim by alleging that, since 2022, Beck and Seamster have failed to provide Jackson with constitutionally adequate medical care for a large external hemorrhoid, colitis, and other digestive issues (Dkt. No. 5, at 2). However, because Jackson's amended complaint no longer named Dismissed Defendants, Judge Volpe recommended that the claims against Dismissed Defendants be dismissed without prejudice (*Id.*). Additionally, because Jackson's claims "stem back to 2020" and the statute of limitations for Jackson's claims is three years, Judge Volpe also recommended that claims arising before 2022 be dismissed without prejudice (*Id.*).

Jackson filed objections to the Partial Recommendation (Dkt. No. 6). Jackson objects "not for reasons that the statute[] of limitations ha[s] expired; but because [Jackson] can use the 2020 date to prove and show that Defendants Seamster and Beck both knew of [Jackson's] condition."

(*Id.*, at 1). Jackson alleges that all inmates are supposed to be screened upon entering a facility, but that Beck and Seamster failed to do so (*Id.*). Jackson states that mention of the 2020 date goes to showing deliberate indifference of his serious medical needs (*Id.*, at 2).

Jackson's objections do not break new ground. In the relief section of Jackson's complaint, Jackson requests damages "for every sick call associated with complaint since 2020 until present" (Dkt. No. 4, at 7). Elsewhere in his complaint, however, Jackson states that Beck and Seamster "have been fully aware of [his medical issues] since 2023." (*Id.*, at 4). Whether it would be appropriate for Jackson to cite as evidence sick calls and complaints going back to 2020 is not an issue currently before this Court but instead is an issue the Court reserves for another day. At this time, the issue before the Court is whether Jackson can recover some form of damages for every sick call associated with his complaints since 2020 until present.

To the extent Jackson asserts claims for actions that occurred before 2022 and seeks to recover some form of damages on those claims, those claims are time-barred absent a justification for tolling. *See Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019) (finding that Arkansas's three-year statute of limitations applied to a §1983 action if there was no reason to toll). Jackson has not argued that tolling would be appropriate, nor has Jackson asserted any claims against Dismissed Defendants in his amended complaint (Dkt. No. 4). Accordingly, after careful consideration and a review of the whole record, the Court approves and adopts the Partial Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 5). The Court dismisses without prejudice Dismissed Defendants from this action.

**II. Recommendation**

On October 15, 2025, Beck and Seamster filed their motion for summary judgment (Dkt. No. 12). Jackson responded (Dkt. Nos. 16–18). On November 14, 2025, Judge Volpe entered the

Recommendation, which recommended that Defendants' motion for summary judgment be granted and that the Court certify that an *in forma pauperis* appeal would not be taken in good faith (Dkt. No. 19). Specifically, Judge Volpe found that Jackson had failed to exhaust properly his claims through various grievances prior to bringing this suit (*Id.*, at 8). On November 21, 2025, Jackson objected to the Recommendation (Dkt. No. 20).

As to grievance MX-25-164, Jackson objects that he "received a verbal answer to his medical [g]rievance from Mr. Flemons who admits that [Jackson] was previously seen for [the] occurring issue in November of 2024" (Dkt. No. 20, at 2). Jackson further objects that: he "furthered grievance procedure to step 2 on 2-19-25"; he "received second step answer to [g]rievance #MX-25-00164 on 3/25/25 and immediately addressed [g]rievance procedure step 2 response"; his "third step of grievance was received by [d]eputy [d]irector on 4/11/25"; and that his appeal was "denied for frivolous merits when . . . [the] bottom heading clearly states 'if appealing, please submit both the unit level grievance form Attachment 11 and Health Services Response (Attachment IV)' which [Jackson] followed" (*Id.*). As to grievance MX-25-643, Jackson alleges that he "was also denied for the same reasons" (*Id.*).

According to the ADC handbook, the grievance process has a three-step appeal procedure. First, inmates must seek informal resolution to the problem by filing a "Unit Level Grievance Form (Attachment I)" (Dkt. No. 14, at 37). Second, after attempting to resolve the issue through step one, an inmate can proceed to step two by filing a formal grievance on the same "Unit Level Grievance Form (Attachment I)" that was used for step one but "should complete the date beside 'Step Two: Formal Grievance' and the section regarding resubmission" (*Id.*, at 40). A grievance officer will "transmit an acknowledgement or rejection of the Unit Level Grievance Form (*see* Attachment II) to the inmate within five (5) working days" (*Id.*, at 41). The response to step two

of the appeal "will be on the form entitled. . . (Attachment III) . . . [or](Attachment IV)" (*Id.*, at 42). If an inmate does not receive a response to his step two appeal within the allotted time frame stated "on the Acknowledgement Form or the Extension Form, if applicable, the inmate may move to the next level of the process." (*Id.*).

Once an inmate receives a response from step two or the time to respond has expired, an inmate may proceed to step three, but the inmate must do so within 5 working days (*Id*, at 42–43). To appeal at step three, an inmate must include original copies of the "Unit Level Grievance Form (Attachment I)," and either Attachment III, Attachment IV, or Attachment II if the inmate is asserting the grievance was improperly rejected or if the inmate did not receive a response or extension within the applicable timeframe (*Id.*). The inmate must also "state a reason for the appeal, and must date, sign, and write the inmate's ADC number on the attachment being appealed" (*Id.*).

Attached to the ADC handbook are forms entitled Attachment I—X (Dkt. No. 14, at 51–62). Attachment I is a document entitled "Unit Level Grievance Form" (*Id.*, at 51). This form is similar, though not identical, to the forms which Jackson completed, which are also entitled "Unit Level Grievance Form" and labeled Attachment I (Dkt. Nos. 14, at 28; 16, at 12, 16).

Attachment II is a document entitled "Acknowledge or Rejection of Unit Level Grievance" (Dkt. No. 14, at 52). This document is similar, though not identical, to forms provided to Jackson related to his grievances that are also entitled "Acknowledge or Rejection of Unit Level Grievance" and labeled Attachment II (Dkt. No. 16, at 13, 17).

Attachment IV is a document entitled "Health Services Response to Unit Level Grievance" (Dkt. No. 14, at 54). A document signed by Jackson—which Beck and Seamster represent is Jackson's Attachment IV (*Id.*, at 27)—is also entitled "Health Services Response to Unit Level

Grievance" and has an Attachment IV label, though the forms are not the same (*compare* Dkt. No. 14, at 54 *with* Dkt. No. 16, at 14–15).

Notably, the block at the bottom of Attachment II and Attachment IV—which lists the inmate's signature, ADC number, and date—is absent from the forms filled out by or given to Jackson (*compare* Dkt. No. 14, at 52, 54 *with* Dkt. No. 16, at 13, 14, 17, 18).

Jackson's grievance MX-24-163 was denied at step three for failing to date his appeal on Attachment IV (Dkt. No. 16, at 15). Jackson's grievance MX-25-643 was denied at step three for failing to date his appeal on Attachment II (*Id.*, at 18).

Despite the forms Jackson filled out not including the block listing spaces for the inmate's signature, ADC number, and date, Jackson must still comply with the ADC requirements as stated in the ADC handbook for Jackson to fully exhaust his grievances—which includes listing the date at each step of the appeal (Dkt. No. 14, at 37–40, 43). *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). Jackson did not date his MX-24-163 or MX-25-643 grievances at step three of the appeal process (*Id.*, at 14, 17). Therefore, Jackson did not properly and fully exhaust the grievance procedure for MX-24-163 or MX-25-643.

As to grievances CU-22-983, CU-22-985, MX-24-150, CU-23-502, MX-24-505, and CU-23-375, Jackson "objects that he has not offered any contrary evidence to" the grievances (Dkt. No. 20, at 4) and cites an affidavit signed by Dakota Smith which states that Smith heard Jackson complain of pain several times (Dkt. No. 16, at 19).

Jackson's objections regarding his other grievances break no new ground. In CU-22-983, CU-22-985, MX-24-150, and CU-23-502 Jackson failed to name specifically Beck or Seamster

(Dkt. No. 14, at 7–12, 19–21). *See Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018) (ADC prisoner did not properly exhaust his claim against two of the three officers omitted from a grievance); *Starr v. Moody,* Case No. 2:23-cv-0129-LPR-JTK, 2024 WL 4655360 at 3 (E.D. Ark. June 14, 2024), *rec. adopted*, 2024 WL 4652192 (E.D. Ark. Nov. 1, 2024) (finding plaintiff failed to exhaust ADC grievance procedures against two defendant employees by naming only WellPath in the grievance and not the two defendant employees). As to grievance MX-24-505, Jackson did not complete step three of the grievance procedure for MX-24-505 (Dkt. No. 14, at 5–6). As to CU-23-375, Jackson failed to attach the Unit Level Grievance Form to his appeal at step three of the grievance procedure as required by both the form and the ADC handbook (*Id.*, at 13, 43).

Accordingly, after careful consideration and a review of the whole record, the Court approves and adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 19). The Court, therefore, grants Beck and Seamster's motion for summary judgment (Dkt. No. 12). Jackson's claims against Beck and Seamster are dismissed without prejudice for failure to exhaust properly (Dkt. No. 4).

**III. Additional Filings**

After Jackson filed his objections, Jackson filed a document entitled "order to show cause for a [p]reliminary injunction + a temporary [r]estraining" which is styled as a draft order granting Jackson injunctive relief (Dkt. No. 21). Along with this document, Jackson also filed a "declaration in support of plaintiff[']s motion for a [t]emporary [r]estraining order and [p]reliminary [i]njunction" (Dkt. No. 22). Jackson's documents discuss events related to medical care which occurred on February 23, 2026 (*Id.*, at 3).[2] These filings do not address any of the

[2] To the extent Jackson seeks to bring claims based on these events, Jackson may not do so in this now closed case. However, Jackson may properly exhaust the ADC grievance procedure and then timely file a new complaint based on such allegations, if he chooses to do so.

grievances previously discussed by Jackson. Having adopted the Partial Recommendation and Recommendation and dismissing Jackson's claims, the Court denies Jackson's motion "to show cause for a [p]reliminary injunction + a temporary [r]estraining" (Dkt. No. 21).

Beck and Seamster also filed a motion for extension of time (Dkt. No. 24). Beck and Seamster seek additional time to file summary judgment motions because of deadlines in the initial scheduling order (*Id.*). Because the Court now adopts the Partial Recommendation and Recommendation and dismisses Jackson's claims, the Court denies as moot Beck and Seamster's motion for extension of time (*Id.*).

Jackson filed a motion for status update (Dkt. No. 30). The Court grants Jackson's motion by entering this Order (*Id.*). Jackson also filed a Motion to Compel (Dkt. No. 32). In the Motion to Compel, Jackson "seek[s] the Court[']s assistance in obtaining necessary discovery responses from the Defendants," and asks the Court to compel Beck and Seamster to participate in discovery (*Id.*, at 1–2). Because the Court now adopts the Partial Recommendation and Recommendation and dismisses Jackson's claims, the Court denies as moot Jackson's Motion to Compel (*Id.*). Discovery is not appropriate in this now dismissed case.

Jackson filed a motion for appointment of counsel (Dkt. No. 42). Because the Court now adopts the Partial Recommendation and Recommendation and dismisses Jackson's claims, to the extent Jackson seeks to have this Court appoint him counsel, the Court denies as moot Jackson's motion for appointment of counsel (*Id.*). To the extent Jackson seeks the appointment of counsel by the Eighth Circuit Court of Appeals, he will have to file that request with the Eighth Circuit Court of Appeals.

## IV. Conclusion

For the foregoing reasons, the Court:

(1) adopts the Partial Recommendation (Dkt. No. 5);

(2) adopts the Recommendation (Dkt. No. 19);

(3) grants Beck and Seamster's motion for summary judgment (Dkt. No. 12);

(4) dismisses without prejudice Jackson's claims for failure to exhaust the grievance procedure as to these claims (Dkt. No. 4);

(5) denies Jackson's motion "for a [p]reliminary injunction + temporary [r]estraining" (Dkt. No 21);

(6) denies as moot Beck and Seamster's motion for extension of time (Dkt. No. 24);

(7) grants Jackson's motion for status update (Dkt. No. 30);

(8) denies as moot Jackson's Motion to Compel (Dkt. No. 32);

(9) denies as moot Jackson's motion for appointment of counsel to the extent Jackson requests that this Court appoint him counsel (Dkt. No. 42); and

(10) certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would be frivolous and not taken in good faith.

It is so ordered this 19th day of August, 2026.

Kristine G. Baker
Chief United States District Judge